IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PATRICIA A. PAYTON                                              PLAINTIFF

      v.          Civil No. 05-6073

LINDA S. MCMAHON,[1]
Commissioner, Social
Security Administration                                         DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Patricia A. Payton, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act and for Social Security benefits under the provisions of Title XVIII of the Act.  The Court has before it the brief of the Plaintiff (Doc. 8), brief of the Commissioner (Doc. 9), and the transcript of the Social Security proceedings.

**Procedural Background**.

Plaintiff filed her application for Social Security benefits and DIB on April 14, 2003, with a protective filing date of April 1, 2003.  (Tr. 47-49).  Plaintiff alleged a disability onset date of October 2, 1996, because of bipolar disorder, hypothyroidism, pain in her right hip, stomach

---

[1] Linda S. McMahon became the Social Security Commissioner on January 20, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Linda S. McMahon has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

problems and internal bleeding. (Tr. 11). Plaintiff's application was denied initially and on reconsideration. Plaintiff requested a hearing and on November 8, 2004, a hearing was held in front of Administrative Law Judge Rebsamen, and Plaintiff was represented by counsel. (Tr. 11). Plaintiff's friend, Nancy Harter, and vocational expert, Richard Marron, testified at the hearing. (Tr. 11). Plaintiff's request for a review by the Appeals Council was denied on July 28, 2005. The decision of the ALJ became the final decision of the Commissioner. (Tr. 3).

In a January 27, 2005 Opinion, the ALJ found Plaintiff was not disabled prior to her date last insured (DLI), June 30, 2000. The ALJ determined that prior to June 30, 2000, Plaintiff retained the residual functional capacity (RFC) to perform unskilled work at all exertional levels (Tr. 18, Finding 7). The ALJ further determined that despite her mental impairment of bipolar disorder, Plaintiff remained able to perform work where interpersonal contact would be incidental to the work performed, the complexity of tasks would be learned and performed by rote, few variables would be involved, and little independent judgment would be required. (Tr. 18, Finding 6). Plaintiff seeks judicial review of the Commissioner's final decision.

**Evidence Presented**.

At the hearing before the ALJ, Plaintiff testified she was fifty-eight years old, a high school graduate, and attended three years of college. Plaintiff indicated her last job was for the *Sentinel Record* in Hot Springs. Her job was to take display ads for the newspaper to the vendors for proofreading, but she worked less than one year. (Tr. 455-456).

Plaintiff's alleged date of onset was October 2, 1996. At the hearing, Plaintiff reported attempting suicide multiple times, suffering from uncontrollable outbursts, depression, and hip pain. (Tr. 455-465). A Vocational Expert (VE) testified at the hearing that Plaintiff had no past relevant work or any exertional limitations, and provided several jobs available for Plaintiff given her condition. (Tr. 473).

**Applicable Law**.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in

the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require application of a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet(s) or equal(s) an impairment in the listings; (4) whether the impairment(s) prevent(s) the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920. The burden shifts to the Commissioner to prove first, that Plaintiff retained the RFC to do other kinds of work, and second, that work Plaintiff is able to do exists in substantial number in the national economy. *Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000).

**Discussion**.

Plaintiff alleges she became disabled on October 2, 1996, due to bipolar disorder, hypothyroidism, right hip pain, stomach problems, and internal bleeding (Tr. 11, 81). The ALJ found

that Plaintiff had severe impairments in the form of bipolar disorder and borderline personality disorder, but that she did not have an impairment or combination of impairments that met or equaled a listed impairment. (Tr. 12-13, 17-18, Finding 3). The ALJ found Plaintiff had been diagnosed with hypothyroidism, but it was well controlled with medication (Tr. 12, 105). The ALJ also found Plaintiff had undergone a cholecystectomy in March 2000 with no complications (Tr. 12, 99-101). The ALJ concluded these were not severe impairments because they were controlled with medication and imposed no functional limitations on Plaintiff (Tr. 12). *See Wilson v. Chater*, 76 F.3d 238, 241 (8th Cir. 1996) (finding that conditions controlled with diet and medication cannot be considered disabling). An impairment is not severe if it does not significantly limit Plaintiff's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521.

The role of this Court is to determine whether there is substantial evidence in the record to support the decision of the Commissioner, and not to reweigh the evidence or try the issues *de novo*. *Loving v. Dept. of HHS*, 16 F.3d 967, 969 (8th Cir. 1994).

The medical evidence reveals that Plaintiff was admitted to the hospital in October 1996 after an overdose of medications (Tr. 250-354). Plaintiff was admitted to the Pathways program

for follow-up care and reported a history of depression and suicide attempts going back to the age of thirteen, but stated she had been doing fairly well over the last fourteen years (Tr. 250-354). Plaintiff was diagnosed with major depression, recurrent, borderline personality disorder, and it was noted that Plaintiff had a long history of impulsive behavior. (Tr. 251).

The ALJ found the medical evidence indicated Plaintiff had been non-compliant with her treatment and medication regime (Tr. 15). The ALJ also found that when Plaintiff had been compliant, her mental impairments consistently showed improvement with themedication. (Tr. 15). After the ALJ considered the evidence as a whole, he determined Plaintiff had the RFC to perform unskilled work at all exertional levels. Plaintiff argues the ALJ failed to adequately consider the opinion of Dr. Kevin Hale.

On December 26, 2002, Dr. Hale signed a "to whom it may concern" letter that stated Plaintiff could not sustain gainful employment at that time because she did not tolerate stressful environments, and had manic depression, fatigue, and suicidal thoughts (Tr. 112). Statements of this type are not medical opinions but opinions concerning the application of the statute, a task solely assigned to the discretion of the Commissioner. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1023 (8th Cir. 2002). A conclusory statement, a statement not supported by medical

diagnosis based on objective evidence, will not support a finding of disability. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003). Moreover, it is clear that Plaintiff's DLI was two years prior to the letter by Dr. Hale.

As the ALJ found, Plaintiff carried the burden of proving she was disabled prior to June 30, 2000, in order to be eligible for disability benefits. (Tr. 8). To qualify for Title II disability benefits, disability must be established as of the date last insured. *Pyland v. Apfel*, 149 F.3d 873, 876 (8th Cir. 1998). The Court finds the ALJ properly considered all the evidence and concluded with an appropriate assessment of Plaintiff's impairments and RFC.

The Court also finds the ALJ properly assessed the credibility of Plaintiff's subjective complaints. When assessing Plaintiff's subjective complaints, the ALJ is required to make an express credibility determination detailing his reasons for discrediting the testimony. *Lewis v. Barnhart*, 353 F.3d 642 (8th Cir. 2003). If there are inconsistencies in the evidence as a whole, the ALJ is permitted to disbelieve Plaintiff's subjective complaints. *Cruse v. Bowen*, 867 F.2d 1183, 1186 (8th Cir. 1989). The ALJ performed a *Polaski* analysis and found that upon consideration of credibility factors outlined in SSR 96-97p, Plaintiff's subjective allegations of chronic depression, anxiety, and panic attacks

were not borne out by the overall record and not credible to the extent alleged (Tr. 18, Finding 4).

The ALJ found Plaintiff had only mild restrictions of activities of daily living as she was able to take care of her own personal needs as well as those of her husband and grandchild (Tr. 15). The ALJ also noted that Plaintiff testified she went to the store, cooked dinner, and attended church (Tr. 15, 465-466). On her Supplemental Interview Outline, Plaintiff reported being able to do laundry, wash dishes, change sheets, iron, vacuum/sweep, take out the trash, do home repairs, wash the car, shop for groceries and clothes, run errands to the post office and bank, prepare meals, count change, use a checkbook, walk for exercise and errands, attend church, watch television, and read. (Tr. 66-67). The ALJ noted that performance of activities such as these tend to erode Plaintiff's credibility and support his conclusion that she can perform some work activities (Tr. 16). The ALJ also considered the testimony of Plaintiff's friend, Nancy Harter (Tr. 16), but found it not persuasive as it was based upon an uncritical acceptance of Plaintiff's complaints and, to some degree, was motivated by a desire to see Plaintiff obtain benefits. *Siemers v. Shalala*, 47 F.3d 299, 302 (8th Cir. 1995)(holding that assessing the credibility of the witnesses lies within the province of the Secretary). The Court finds the record contains

sufficient inconsistencies upon which the ALJ based his decision.

The ALJ determined that Plaintiff had no prior relevant work which shifted the burden to the Commissioner to show there were jobs in the national economy that Plaintiff could perform. (Tr. 18, Finding 9). The testimony from the vocational expert provided Plaintiff's limitations and a list of jobs in the national economy that such an individual could perform (Tr. 473). Those included garment folder (approximately 56, 519 such jobs in the United States; 1,413 in Arkansas), cleaner/polisher (approximately 1,193,758 such jobs in the United States; 1/381 in Arkansas), and counter clerk (approximately 59,739 such jobs in the United States; 641 in Arkansas)(Tr. 473).

The ALJ met his step five burden with proper use of the vocational expert's testimony and hypothetical examples.

**Conclusion**.

For the reasons stated above, the Court finds the Commissioner's decision properly supported and is **AFFIRMED**. Plaintiff's case is hereby DISMISSED WITH PREJUDICE and a separate judgment in accordance with the above will be entered.

Dated this 8th day of February, 2007.

/s/ Robert T. Dawson
HONORABLE ROBERT T. DAWSON
UNITED STATES DISTRICT JUDGE